## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WENDY BARAN-GONZALEZ, et al.,

          Plaintiffs,

    v.

DENIS FRITZ, et al.,

          Defendants

CIVIL ACTION NO. 3:13-CV-00701

(MEHALCHICK, M.J.)

### MEMORANDUM

This is a diversity action arising out of a motor vehicle collision on Interstate 80 in Luzerne County, Pennsylvania. In the complaint, the Plaintiffs assert a variety of negligence tort claims against defendants Denis Fritz and Red & White Trucking Corporation ("Red & White"). (Doc. 1). Pending before the Court is Defendant Strongstown's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b).

### I. BACKGROUND AND PROCEDURAL HISTORY

On January 17, 2014, Fritz and Red & White jointly filed a third-party complaint, asserting common law contribution and indemnity claims against various third-party defendants, including New Enterprise Stone & Lime Co. ("New Enterprise"), Strongstown B&K Enterprises, Inc. ("Strongstown"), Swank Associated Companies ("Swank"), and Commonwealth of Pennsylvania Department of Transportation ("PennDOT"). (Doc. 32). On February 19, 2014, New Enterprise filed its answer to the third-party complaint, which included a cross-claim for common law contribution and indemnity against defendants Fritz and Red & White, and against all other third-party defendants. (Doc. 38). On March 11, 2014, Strongstown filed its answer to the third-party complaint, which included a cross-claim for common law contribution and indemnity against defendants Fritz and Red & White, and

against all other third-party defendants. (Doc. 46). On March 18, 2014, Swank filed its answer to the third-party complaint, which similarly included a cross-claim for common law contribution and indemnity against all other third-party defendants. (Doc. 55).

On August 20, 2014, Defendant Red & White Trucking Corporation ("Red & White") submitted a letter (Doc. 98) informing the Court that it had not been able to arrange for the deposition of its corporate designee. The next day, Defendant Strongstown filed a letter and a proposed stipulation of dismissal pursuant to Federal Rule of Civil Procedure 40(a). (Doc. 99). In its letter and stipulation, Defendant Strongstown requested that it be dismissed from the action, without having to file a dispositive motion, since Defendant Red & White was not able to produce a corporate designee, had otherwise failed to respond to discovery requests, and cannot prosecute its claims against the third-party defendants. (Doc. 99). Because it was not clear that the stipulation was agreed to by all parties, the Court declined to grant the stipulation. (Doc. 100). Defendant Strongstown then filed a Motion to Dismiss (Doc. 103), in which it seeks to dismiss the claims and cross-claims brought against it by Red & White Trucking Company. The matter is fully briefed and ready for disposition.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a plaintiff's case for failure to prosecute. See Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In determining whether an action should be dismissed for failure to prosecute, the Court must balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted).

"Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dept.*, 159 Fed. Appx. 371, 373 (3d. Cir. 2005) (citing Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). Dismissal for failure to prosecute is a "drastic sanction" reserved for cases "comparable to . . . 'flagrant bad faith' and 'callous disregard.'" *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). No one factor is determinative and thus not all of the *Poulis* factors must be met to warrant dismissal. *Mindek v. Rigatti*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Thorpe v. Wilmington Hous. Auth.*, 262 F.R.D. 421, 423 (D. Del. 2009); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir.2002). Nor must each factor be satisfied to dismiss a claim. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir.2003). The Third Circuit has noted that "the sanction of dismissal is disfavored absent the most egregious circumstances." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir.2003) (*citing Poulis*, 747 F.2d at 867–68). However, "[i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

In this matter, it is undisputed that Red & White Trucking has been unable to produce a corporate representative for deposition. However, Red & White Trucking submits that it has responded to written discovery in this matter. (Doc. 109, page 3). Additionally, Red & White Trucking argues that allegations of liability against Strongstown do not necessarily involve any evidence to be offered by a corporate designee, but rather evidence already produced to date, including the Accident Report, provides sufficient evidence for the continued prosecution of this matter.  (Doc. 109, page 4). The Third Party Complaint (Doc. 32) alleges that a contributing factor with regard to the cause of the underlying accident was the roadway construction being conducted on Interstate 80, a number of miles from the incident site, and that Strongstown may have been conducting, managing or supervising that construction. (Doc. 32). The accident report (Doc. 110-1) indicates that a potential environmental/roadway factor was that the accident was "work zone related."

### A. PERSONAL RESPONSIBILITY OF RED & WHITE TRUCKING

It is clear from the record so far in this matter that Red & White Trucking is responsible for its failure to produce corporate designees for deposition or answer any discovery. Counsel has been candid throughout the course of this matter regarding his attempts to secure the depositions. (*See* Doc. 89; Doc. 96; Doc. 98). As such, the first *Poulis* factor weighs in favor of dismissal.

### B. PREJUDICE TO THE MOVING PARTY

"The burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Prejudice includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.

*Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994); *citing Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 693 (3d Cir.1988).

Here, the Court finds that there is some prejudice to the other party's due to Red & White's failure to respond to at least some discovery, and for failing to produce a corporate designee for deposition. However, the Court does not find that the other parties are wholly unable to move forward with the litigation at this point; nor has it rendered the time and resources expended by the other parties to be unproductive. As such, while other sanctions may be merited, the Court finds that the second *Poulis* factor does not weigh in favor of dismissal.

C. HISTORY OF DILATORINESS

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d. Cir. 1994); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)(finding a history of dilatory conduct where the plaintiffs repeatedly failed to provide a calculation of damages for the defendant); *Emerson v. Theil College*, 296 F.3d 184, 191 (3d Cir. 2002)(finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008)(citation removed)(refusing to find a history of dilatory conduct where plaintiff refused to attend one scheduled deposition). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875; *see also Dyotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146 (3d Cir. 1968).

"[F]ailure to prosecute" under the Rule 41(b) does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial. *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375, 377 (E.D.Pa.1962), *aff'd* 314 F.2d 944 (3d Cir.) (per curiam), *cert. denied*, 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963).

Here, Red & White has failed to produce a corporate designee, and has failed to respond to some discovery requests.[1] The delay here is not on the scale of that in *Bendix*, where the case lay dormant for 11 years,  nor is there dilatoriness as in *Bedwell*, where the plaintiff repeatedly and strategically delayed and disobeyed court orders. *Bedwell*, 843 F.2d 683. The Court finds that this factor weighs against dismissal.

D. <u>PARTY'S WILLFUL OR BAD FAITH BEHAVIOR</u>

Willfulness involves intentional or self-serving behavior. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875-76 (3d Cir. 1994). For example, where a party and attorney did not comply with court orders and discovery requests without plausible excuses and delay appeared to be calculated, the district court properly found conduct willful, not merely negligent. *Bedwell*, 843 F.2d at 695. Even if there existed an absence of a good faith effort to prosecute, this does not necessarily amount to willfulness or bad faith. *Adams*, 29 F.3d

---

[1] It is unclear to which discovery requests Red & White has not responded. Strongstown submits that Red & White has failed to respond to any discovery requests, including requests for admissions propounded by Red & White. (Doc. 104 at page 3). Red & White avers that it has responded to written discovery propounded by other parties, but does not specifically dispute that it has failed to respond to any of the discovery propounded by Strongstown.(Doc. 109 at page 2).

at 876. The Court does not find that there are repeated and self-serving instances of flouting court authority and professional responsibility by counsel for Red & White, and that the behavior here is different from the contumacious behavior in *National Hockey League* or *Bedwell*.[2] As such, the Court finds that this factor does not necessarily weigh in favor of dismissal.

### E.  AVAILABILITY OF ALTERNATIVE SANCTIONS

Before dismissing a case with prejudice, a district court should consider alternative sanctions. The Third Circuit has held that "district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits." *Titus v. Mercedes Benz*, 695 F.2d 746, 748–49 (3d Cir.1982). In considering this factor, the Court finds that there are appropriate sanctions other than dismissal. For example, should the corporate designees for Red & White appear for trial, they would be precluded from testifying. Additionally, if Red & White has failed to respond to requests for admissions, those requests may be deemed admitted in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 36 (a)(3). Accordingly, this factor weighs heavily against dismissal.

---

[2] In *National Hockey*, the Supreme Court determined that the district court had not abused its discretion in concluding that the conduct of the plaintiffs demonstrated callous disregard of counsel's responsibilities, and that their practices exemplified flagrant bad faith, including seventeen months of delay in answering interrogatories, despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour, and several admonitions by the Court and promises and commitments by the plaintiffs. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S. Ct. 2778, 2779-80, 49 L. Ed. 2d 747 (1976). In *Bedwell*, the Court determined the district court had not abused its discretion in imposing sanction of dismissal for failure of plaintiff to complete discovery in view of evidence that president of corporate plaintiff was personally responsible for repeated deposition abuses and failure to produce documents, fact that opposing party was deprived of important information, the significant pattern of delay, and fact that lesser sanctions previously imposed had not cured all problems. *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683 (3d Cir. 1988).

F.  MERIT OF RED & WHITE'S THIRD PARTY CLAIMS

This action arises out of a motor vehicle collision in Interstate 80 in Luzerne County, Pennsylvania. The original plaintiffs asserted negligence claims against Fritz Denis and Red & White Trucking Company. Denis and Red & White then filed a third-party complaint against Strongstown, New Enterprise Stone & Lime Co., Swank Associated Companies, and PennDOT. The third-party complaint asserted common law contribution and indemnity claims against the third-party defendants.

The untested merits of the noncompliant plaintiff's claims, standing alone, cannot prevent imposition of sanctions. *Stasko v. Lebanon Cnty. Corr. Facility*, No. 1:12-CV-1155, 2013 WL 1188014, at *4 (M.D. Pa. Mar. 1, 2013); *report and recommendation adopted*, No. 1:12-CV-1155, 2013 WL 1188009 (M.D. Pa. Mar. 21, 2013). However, at this juncture of the case, and primarily because of the information noted by Red & White in its opposition to the instant motion, namely that the accident report (Doc. 110-1) indicating that a potential environmental/roadway factor was that the accident was "work zone related", the Court finds that this factor weighs against dismissal.

III.  **CONCLUSION**

Based on the foregoing, the Court finds that dismissal of Red & White's claims pursuant to Federal Rule of Civil Procedure 41 is not merited, and will deny Strongstown's motion to dismiss. However, Red & White, should its claims survive any further dispositive motions, will be precluded from having its corporate designees from testifying at trial. Additionally, any requests for admission that have gone unanswered are deemed admitted. No further extensions of discovery will be granted.

Finally, the Court notes that there are three outstanding motions for summary judgment in this matter (Doc. 106, Doc. 111, and Doc. 112). No briefs in opposition have been filed to any of these motions. Any briefs in opposition shall be filed within twenty-one (21) days from the date of the Order accompanying this Memorandum, or on or before **December 8, 2014**. If briefs in opposition are not filed, the motions will be deemed to be unopposed. Reply briefs, if any, shall be filed fourteen (14) days after any briefs in opposition are filed.

An appropriate Order shall follow.

**Dated: November 17, 2014**                                    *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States Magistrate Judge**